IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSHUA CIRWITHIAN, § 
§ No. 142, 2024
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. 1812006782 (N)
STATE OF DELAWARE, § 1812014043 (N)
§
Appellee. §

Submitted: October 18, 2024
Decided: December 19, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After considering the parties' briefs and the record on appeal, we find it evident that the Superior Court's March 20, 2024 order adopting the Superior Court commissioner's report and recommendation and denying the appellant's motion for postconviction relief[1] should be affirmed. Although the appellant's ineffective-assistance-of-counsel claims were not procedurally barred under Superior Court Criminal Rule 61,[2] we agree with the Superior Court commissioner's conclusion that the appellant could not demonstrate that he was deprived of his Sixth Amendment

---

[1] *State v. Cirwithian*, 2024 WL 1219137 (Del. Super. Mar. 20, 2024).

[2] *Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("Simply put, ineffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent.").

right to the effective assistance of counsel under the "well-worn standards"[3] of *Strickland v. Washington*.[4] To the extent that the appellant contends that the Superior Court erred by not considering his objections to the commissioner's report and recommendation, we note that the Superior Court did, in fact, consider (and reject) the appellant's untimely filed objections.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] *Id.* (internal quotation marks and citation omitted).

[4] *State v. Cirwithian*, 2024 WL 862447, at *6 (Del. Super. Feb. 28, 2024) ("At the end of the day, many of [the appellant's] claims are overlapping and/or convoluted[] and fail to demonstrate prejudice under *Strickland*'s exacting standards…. [T]o the extent [that the appellant] asserts counsel provided ineffective representation, this argument is not supported by the record and [the appellant] has not shown prejudice (i.e., a reasonable probability of a different result), but for counsel's performance.").

[5] *State v. Cirwithian*, 2024 WL 1507470 (Del. Super. Apr. 5, 2024).